C:\Users\meansa\AppData\Local\Temp\notes1A03DD\OrderAttyFees.docx

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESILIENT FLOOR COVERING PENSION FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL'S FLOOR COVERING, INC.,<br><br>Defendant. | Case No.: 11-5200 JSC<br><br>**ORDER RE: DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS (Dkt. No. 117)** |

Now pending before the Court is Defendant's Motion for Attorneys' Fees and Non-Taxable Costs (Dkt. No. 117). The Court finds this matter suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7–1(b). Accordingly, the hearing set for January 31, 2013 is VACATED. Having considered the parties' pleadings and the relevant legal authority, and for the reasons set forth in this Order, the Court DENIES Defendant's motion.

**DISCUSSION**

This suit arises out of the dissolution of Studer's Floor Covering, Inc. ("Studer's"), which had performed building and construction industry work consisting of sales and installation of residential and commercial flooring products in and around the Vancouver, Washington and Portland, Oregon market from 1960 to 2009, and the subsequent opening of Michael's Floor Covering, Inc. ("Michael's" or "Defendant") by a former Studer's salesman in the same location. Plaintiffs, the Pension Trust Funds to which Studer's belonged, alleged

that Michael's was a successor to Studer's and that Michael's should be ordered to either pay withdrawal liability to Plaintiff Trust Fund or continue making monthly contributions, including those now allegedly delinquent, under the CBA. Michael's liability under either theory hinged on a finding that Michael's was a successor employer to Studer's. Because the Court concluded that Michael's was not a successor, judgment was entered in Defendant's favor.

Defendant now moves for attorneys' fees under 29 U.S.C. § 1451(e) which provides "[i]n any action under this section, the court may award all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorney's fees, to the prevailing party." Five factors guide the district court's exercise of discretion: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). "[T]he *Hummell* factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." *Carpenters S. California Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984). For the reasons explained below, the Court finds that here, too, the *Hummell* factors suggest an award of fees is not warranted.

### 1. The Degree of Culpability or Bad Faith

The Court finds that the first factor—degree of culpability or bad faith—weighs against an award of fees and costs. The question of successor liability under the statute and relevant case law is fact specific and required that the Court determine whether under the "totality of the circumstances, there [was] 'substantial continuity' between the old and new enterprise." *Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289, 294 (9th Cir. 1987). In doing so, the Court carefully weighed the successor liability factors set forth in *NLRB v. Jeffries Lithograph Co.*, 752 F.2d 459, 463-69 (9th Cir. 1985), and

concluded that the majority of factors weighed against a successor employer finding. There was, however, some evidence supporting Plaintiffs' position: among other evidence, Michael's chose to open its business in the exact same location with the exact same telephone number as Studer's the day after Studer's closed its business. While the Court found that this evidence was not sufficient to compel a finding of successorship in light of the record as a whole, Plaintiffs' successorship argument was not unreasonable. This conclusion is especially warranted in light of Plaintiffs' argument that given the policy reasons behind withdrawal liability and Congress's concern with the financial health of pension funds, successor liability should be found under the facts presented here even if the facts were not sufficient to support successor liability in other contexts. That this Court was ultimately unpersuaded does not mean Plaintiffs acted with such culpability that they should be required to pay Defendants' fees and costs.

### 2. The Ability of the Opposing Party to Satisfy a Fee Award

Plaintiffs have offered evidence that the Pension Fund has been certified as "in critical status" by its actuary since March of 2010. (Dkt. No. 130.) "Specifically, for plan years 2019, 2020, and 2021, the plan will not have sufficient assets and employer contributions to be funded at the minimum level required by federal law." (*Id.*) The Court therefore has concerns as to whether the Fund could satisfy the fee award without undermining its finances and jeopardizing retirees' vested pension benefits.

### 3. The Deterrence Effect of a Fee Award

The third *Hummell* factor examines the deterrence effect of a fee award and is generally found less applicable to trustees than employers:

> If defendant employers face the prospect of paying attorney's fees for successful plaintiffs, they will have added incentive to comply with ERISA. Plaintiff-trustees, on the other hand, generally will be sufficiently deterred from instituting vexatious suits by the absence of personal gain therefrom and the likelihood that they will have to pay their own fees and costs should they not prevail.

3

*Russell*, 726 F.2d at 1416.  Accordingly, the Court concludes that given its finding that this suit was not brought in bad faith or with other culpable intent, the deterrence factor weighs against an award of fees.

### 4. The Existence of a Controlling or Novel Legal Question

Michael's defense of this suit did not present a novel or significant legal question and Michael's did not seek to benefit the participants or beneficiaries of an ERISA plan. This factor thus weighs against an award of fees.

### 5. The Relative Merits of the Parties' Positions

Although the Court ultimately found that Michael's was not a successor to Studer's for purposes of withdrawal liability or otherwise, Plaintiffs' contrary position was not wholly without merit; indeed, Defendant conceded at oral argument on its summary judgment motion that the Court could not grant summary judgment on the successorship issue.  Since Defendant prevailed, this factor weighs in favor of an award of fees, but only slightly. "[C]ourts should be careful neither to penalize trustees for seeking to enforce employer obligations under ERISA nor to encourage employers to be indifferent to their obligations." *Carpenters S. California Admin. Corp.*, 726 F.2d at 1416.

## CONCLUSION

Having concluded that four of the five *Hummell* factors weigh against an award of attorneys' fees and costs, and that the fifth—the relative merits of the parties' positions—weighs only slightly in favor of fees, the Court in its discretion declines to award fees or costs under 28 U.S.C. §1451(e).  Defendant's Motion (Dkt. 117) is DENIED.

**IT IS SO ORDERED.**

Dated:  January 24, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE