UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESILIENT FLOOR COVERING PENSION TRUST FUND BOARD OF TRUSTEES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL'S FLOOR COVERING, INC., et al., <br><br> Defendants. | Case No.  11-cv-05200-JSC <br><br> **PRETRIAL ORDER** |

Following the Case Management Conference held on March 3, 2016, IT IS ORDERED THAT:

### I.    CASE MANAGEMENT SCHEDULE

        Deadline for Filing Dispositive Motions:      May 12, 2016

        Hearing Date for Dispositive Motions:      June 16, 2016 at 9:00 a.m.

### II.    TRIAL DATE

A.    A bench trial shall begin on **November 28, 2016**, **at 8:30 a.m.**, in Courtroom F, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

B.    The length of the trial will not exceed three days.

### III.    PRETRIAL CONFERENCE

A Final Pretrial Conference shall be held on **November 3, 2016**, **at 2:00 p.m.**, in Courtroom F, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco.  Lead trial counsel shall attend the Conference.

United States District Court
Northern District of California

United States District Court
Northern District of California

IV.    **TRIAL PROCEDURES**

A.    Counsel shall *not* prepare a Joint Pretrial Conference Statement.  Instead, twenty (20) calendar days in advance of the Final Pretrial Conference, please do the following:

1. In lieu of preparing a Joint Pretrial Conference Statement, the parties shall meet and confer telephonically or in person to prepare and file a jointly signed, Proposed Final Pretrial Order that contains: (a) a brief description of the substance of claims and defenses which remain to be decided; (b) a statement of all relief sought; (c) all stipulated facts; (d) a list of all factual issues that remain to be tried and organized by counts; (e) a joint exhibit list in numerical order, including a brief description of the exhibit and Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it may be received into evidence, and a blank column for any limitations on its use; and (f) each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition) providing, for all such witnesses other than an individual plaintiff and an individual defendant, a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer.  If non-cumulative testimony is not spelled out, the Court will presume the witness is cumulative.  For each witness, state an hour/minute time estimate for the direct examination (only).  Items (e) and (f) should be appendices to the proposed order.  The objective is to convert the proposed order to a final order with the benefit of any discussion at the Final Pretrial Conference.

2. File each side's proposed Findings of Fact and Conclusions of Law;

3. File each side's Trial Brief;

4. Serve Motions in Limine.  At least twenty (20) calendar days before the conference, the responding party shall serve the opposition.  There will be no reply.  When the oppositions are received, the moving party should collate the motion and the opposition together, back to back, and then file the paired sets at least twenty (20) calendar days before the conference.  Each motion should be

presented in a separate memo and properly identified, for example, "Plaintiff's Motion in Limine No. 1 to Exclude . . . ."  Please limit Motions in Limine to circumstances that really need a ruling in advance and each party may file no more than five motions in limine.  Each motion should address a single, separate topic, and contain no more than seven pages of briefing per side. Leave of Court will be required for more or longer motions.

B.     Not less than ten (10) days before the Pretrial Conference, counsel and/or the parties shall file and serve any objections to exhibits.

C.     Exhibits and witnesses not included in the proposed Joint Pretrial Order pursuant to Paragraph IV.A.1. above may not be used in a party's case-in-chief and may not be used during cross examination of the other side's case- in-chief (other than for impeachment).  Defense witnesses are considered case-in-chief witnesses, not "rebuttal" witnesses.  Objections to exhibits not raised pursuant to Paragraph IV.A.2 are waived.

D.     Two (2) Chambers' copies of all of the aforementioned documents shall be hand-delivered to Chambers at the time of filing.  The Joint Proposed Final Pretrial Order and Proposed Findings of Fact and Conclusions of Law shall be submitted via e-mail as attachments, in MSWord format, to JSCPO@cand.uscourts.gov.  Hard copies must be provided as well.  All hard-copy submissions should be three-hole punched.

E.     At the Final Pretrial Conference, the above submissions shall be considered and, as needed, argued.

**PRETRIAL ARRANGEMENTS**

F.     Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with Debra Campbell, Supervisor of the Court Reporting Services, at (415) 522-2079, or Debra_Campbell@cand.uscourts.gov, at least fourteen (14) calendar days prior to the trial date.

G.     During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models, or specimens of devices.  Equipment should be shared by all counsel to the maximum extent possible.  The Court provides no equipment other than an easel. The United States Marshal requires a court order to allow equipment into the courthouse.  For

United States District Court
Northern District of California

electronic equipment, parties should be prepared to maintain the equipment or have a technician handy at all times.  The parties shall tape extension cords to the carpet for safety.  The parties may work with the deputy clerk, Ada Means (415-522-2015), on all courtroom-layout issues.

## SCHEDULING

H.      Trial will be conducted from 8:30 a.m. to 2:30 p.m. (or slightly longer to finish a witness) with one fifteen-minute break and one forty-five (45) minute lunch break, Monday through Friday, excluding holidays.

## OPENING STATEMENTS

I.      If openings are permitted, each side will have a predetermined time limit for its opening statement (usually no more than 45 minutes per side). Counsel should meet and confer to exchange any visuals, graphics or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions.

## WITNESSES

J.      At the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness).  Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment).  The first notice shall be exchanged prior to the first day of trial.  All such notice should be provided in writing.

K.      The parties shall have all upcoming witnesses on the same day available in the courthouse and ready to testify.  Failure to have the next witness ready or to be prepared to proceed with the evidence will usually be deemed to constitute resting.  If counsel plans to read in a transcript of a deposition, counsel must have a deposition prepared and vetted early on to read into the record.

L.      On the first day of trial, counsel shall bring the original and clean copies of any deposition(s) intended to be used during the course of the trial.  Any corrections must be readily available.  If counsel need to use the deposition during a witness examination, they shall provide the Court with a copy with any corrections at the outset of the examination.

United States District Court
Northern District of California

4

M.      In lieu of direct testimony, the Court will consider receiving "prepared direct" testimony in the form of declarations.  When the witness is presented, the proponent must verbally summarize the direct.  Live cross-examination and redirect shall then occur.  The parties may also agree to submit the entire testimony of a witness via written testimony.

## EXHIBITS

N.      Prior to the final pretrial conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

O.      Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions. Blocks of numbers should be assigned to fit the need of the case (e.g., Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.).  A single exhibit should be marked only once, just as it should have been marked only once in discovery pursuant to this Court's discovery guidelines).  If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number.  Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits with different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit."  If an exhibit number differs from that used in a deposition transcript, then the latter transcript must be conformed to the new trial number, if and when the deposition testimony is used (so as to avoid confusion over exhibit numbers).  There should be no competing versions of the same exhibit number; any discrepancies must be brought to the Court's attention promptly.

P.      The exhibit tag shall be in the following form:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**TRIAL EXHIBIT 100**

Case No. _____

Date Entered _____

By_____
Deputy Clerk

Place the tag on or near the lower right-hand corner or, if a photograph, on the back. Counsel should fill in the tag but leave the last two spaces blank.  The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal.  Each exhibit must be tagged, three-hole-punched, separated with a label divider identifying the exhibit number, and placed in 3-ring binders. Spine labels should indicate the numbers of the exhibits that are in the binders.  Each set of exhibit binders should be marked as "Original".  Deposit the exhibits with the deputy clerk ten (10) days before the Pretrial Conference.

Q.      Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon.  If there are any differences, counsel should bring them promptly to the Court's attention.

X.      In addition to the official record exhibits, three (3), joint sets of bench binders containing a copy of the exhibits must be provided to the Court ten (10) days before the Pretrial Conference, and should be marked as "Chambers Copies".  Each exhibit must be separated with a

label divider identifying the exhibit number.  (An exhibit tag is unnecessary for the bench set.) Spine labels should indicate the numbers of the exhibits in the binders.

Y.	Before the closing arguments, counsel must confer with the deputy clerk to make sure the exhibits in evidence are in good order.  Counsel may, but are not required to, jointly provide a revised list of all exhibits actually in evidence (and no others) stating the exhibit number and a brief, non-argumentative description (e.g., letter from A. B. Case to D. E. Frank, dated August 17, 1999).

### TIME LIMITS

Z.	In certain cases, the Court will set fixed time limits at the final pretrial conference. All of your examination time (whether direct, cross, re-direct or re-cross) for all witnesses and side bar conference time must fit within your time limit and you may allocate it as you wish.  Opening and closing time limits shall be considered separately.

**IT IS SO ORDERED.**

Dated:  March 7, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California