UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESILIENT FLOOR COVERING PENSION TRUST FUND BOARD OF TRUSTEES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL'S FLOOR COVERING, INC.,<br><br>Defendant. | Case No.11-cv-05200-JSC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 189 |

Following the Court's grant of summary judgment in Defendant's favor, Defendant Michael's Floor Covering, Inc. ("Michael's") moves for attorney's fees and costs. (Dkt. No. 189.) Michael's seeks $323,480 in fees and $8,267.96 in costs. Having considered the parties' briefs and having had the benefit of oral argument on November 17, 2016 as well as supplemental briefing, the Court DENIES Defendant's motion. On balance, the factors which the court applies in considering a request for fees weigh against a fee award.

## DISCUSSION

Section 502(g)(1) of ERISA gives the court discretion to award attorney's fees. *See* 29 U.S.C. §§ 1132(g)(1); 1451(e). Five factors guide the district court's exercise of discretion: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to

benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). No one of these factors is "necessarily decisive," and some may not be relevant in a given case. *Carpenters S. California Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984). "[T]he *Hummell* factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." *Id*. However, "the playing field is level" and does not "favor[] one side or the other." *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 408 (9th Cir. 1997).

### 1. Plaintiffs' Bad Faith

Michael's contends that Plaintiffs brought this action in bad faith because their position that no notice was required to impose successor liability under ERISA was legally unreasonable, and Plaintiffs failed to produce any evidence demonstrating that Michael's had any actual notice of withdrawal liability. In doing so, Michael's relies heavily on the Ninth Circuit's decision in *Credit Managers Ass'n of S. California v. Kennesaw Life & Acc. Ins. Co.*, 25 F.3d 743, 749 (9th Cir. 1994), wherein the court upheld a fee award based on bad faith in light of the plaintiff's misrepresentations and failure to assess the evidence in support of its claims.

Plaintiffs respond that (1) the type of notice required for successor liability under the construction industry exception is an unsettled area of law, and (2) under at least one construction of the level of notice required, Plaintiffs' showing of notice was adequate. Plaintiffs reiterate their argument from the parties' summary judgment briefing that notice is not an "indispensable" requirement of successor liability. Although Plaintiffs concede that notice is required in many contexts to impose successor liability, they urge that there is no uniform rule and argue that the successorship determination depends on the facts of each case. Plaintiffs point to the fact that in the context of the Family Medical Leave Act, notice is not a consideration. *See* 29 C.F.R. § 825.107; *Sullivan v. Dollar Tree Stores*, 623 F.3d 770, 780 (9th Cir. 2010). Under the Ninth Circuit's decision here, Plaintiffs argue that reasonable minds could differ as to whether notice is always required and suggest that a reasonable interpretation of the Ninth Circuit's order could be that when a successor consciously decides to take over its predecessor's customer base no notice is

required. Alternatively, Plaintiffs suggest that the notice required could be merely notice that the predecessor used union labor, in which case they offered sufficient evidence to survive summary judgment.

While Plaintiffs' position regarding notice did not prevail, their arguments were not in bad faith. Both parties consistently argued that this case was unique—albeit on different bases—and the parties agree that the case raised an issue of first impression regarding whether a successor employer can be subject to withdrawal liability under the Multiemployer Pension Plan Amendments Act of 1980. This is not a case where Plaintiffs maintained a position that was unsupported by the law; rather, it is a case where Plaintiffs argued for extension of the law. "[T]o avoid a finding of bad faith under the *Hummell* factors, plaintiffs must have a reasonable belief that they could prove an actionable ERISA claim." *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1236 (9th Cir. 2000) (citing *Kennesaw*, 25 F.3d at 749). Further, the Ninth Circuit has emphasized that the "culpability" of a losing plaintiff trustee differs from that of a losing defendant employer. *Russell*, 726 F.2d at 1416. "While the latter has necessarily violated ERISA, the former may only be in error or unable to prove his case." *Id*. The Court thus concludes that Plaintiffs' arguments were not made in bad faith. *See, e.g.*, *Auto. Indus. Pension Trust Fund v. Tractor Equip. Sales, Inc.*, No. 13-CV-03703-WHO, 2014 WL 7336695, at *2 (N.D. Cal. Dec. 23, 2014) ("That the claims were ultimately unsuccessful does not equate to a showing of bad faith.").

**2. Plaintiffs' ability to pay**

Plaintiffs argue that they lack the ability to pay any fee award because the Fund is in critical status. In support of this argument they offer the Declaration of Paul C. Poon who is the Vice President and Associate Actuary with Segal Consulting, the company employed to provide an Actuarial Certification of Plan Status as of January 1, 2016 to the Plan Trustees. (Dkt. No. 196-1.) The attached document states that "[a]s of January 1, 2016, the Plan is in critical status but not declining status (Red Zone)." (Dtk. No. 196-1 at 5.) Michael's contends that the declaration does not actually address the Plan's ability to pay—this is true, it just attaches the actuarial certification. It is also nearly a year old. Michael's thus requested discovery to

3

determine whether and to what extent insurance is available for the fee award because "ERISA trust documents routinely provide for the ability to insure losses caused by the Trustees' lack of prudence." (Dkt. No. 197 at 3:17-18 (citing 29 U.S.C. § 1110(b); 29 CFR § 2509.75-4).)

The Court heard argument regarding this issue and granted Michael's request for discovery ordering Plaintiffs to provide a copy of their insurance policy and allowing the parties to submit supplemental briefing. The Court has reviewed the supplemental briefing and concludes that it sheds little light on whether the fund has the ability to pay. (Dkt Nos. 201 & 202-1.) The attached insurance policy indicates that it covers "wrongful acts" by the plan trustees which includes, as relevant here, a breach of fiduciary duty, or acts of negligence or omission. (Dkt. No. 202-1 at 30.[1]) However, as Plaintiffs point out, there was no claim or finding that the trustees breached their fiduciary duties. Nor was there a finding of negligence. Rather, as discussed *supra*, the Court concluded that Plaintiffs' position regarding notice was unavailing, but not that it was frivolous or in bad faith. Michael's insistence that Plaintiffs would be required to contend to their insurance carrier either (1) that they breached their duties of prudence or due care to meet their duty to preserve fund assets, or (2) were negligent if the Court were the Court to award fees here overreaches.

The actuarial certification states that the fund is in critical status because (1) a funding deficiency is expected in the next four years, and (2) the present value of vested benefits for non-actives is more than the present value of vested benefits for actives. (Dkt. No. 96-1 at 10, 12.) The certification was provided pursuant to ERISA Section 305, codified at 29 U.S.C. § 1085. (*Id.* at 7.) While Plaintiffs have not elaborated on the actuary's conclusions regarding the fund status, at oral argument Plaintiffs suggested this was because the Court's prior order denying Michael's motion for attorney's fees concluded that based on the actuary's certification that the Plan was in critical status that there were concerns regarding whether the Fund could satisfy the fee award without undermining its finances and jeopardizing retirees' vested pension benefits. (Dkt. No. 135.) Other courts in this district have accepted similar representations as evidence that a fund

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

lacks the ability to pay an award of attorney's fees.  *See, e.g.*, *Auto. Indus. Pension Trust Fund*, 2014 WL 7336695 at *3 (relying on a declaration from Mr. Poon to conclude that the court had concerns about the plan's ability to satisfy a fee award); *Resilient Floor Covering Pension Fund v. M & M Installation, Inc.*, No. C08-5561 BZ, 2012 WL 1813395, at *1 (N.D. Cal. May 17, 2012) (concluding, based on "a declaration stating that the Pension Fund has been certified as 'in critical status' by its actuary since March 2010", that the court was "not persuaded that Plaintiffs could satisfy an award of attorneys' fees").  Under these circumstances, the Court concludes that concerns regarding Plaintiffs' ability to pay a fee award without jeopardizing Plan assets weigh against an award of attorney's fees.

### 3. Deterrence Effect of any Fee Award

The deterrence factor rarely weighs in favor of a fee award against plaintiff-trustees.  *See Russell*, 726 F.2d at 1416 ("deterrence, also suggests that fee awards very likely will be less often justified for employers than for trustees").  Generally, plaintiff-trustees "will be sufficiently deterred from instituting vexatious suits by the absence of personal gain therefrom and the likelihood that they will have to pay their own fees and costs should they not prevail."  *Id*.  Michael's argues that this lawsuit has always been motivated by feelings of animosity towards non-participating employers pointing to emails produced in discovery in this action.  Whether this assertion is true, Plaintiffs had a non-frivolous basis for pursuing this case such that there would be little to no deterrent effect to awarding fees here.

### 4. Whether Michael's Sought to Benefit ERISA Participants or to Resolve a Significant Legal Question

Michael's does not contend that it sought to benefit ERISA participants, and instead, appears to suggest that it resolved a significant legal question arguing that the result here will inform employers and fiduciaries invoking successor employer liability.  However, Michael's did not pursue this theory to resolve an unsettled issue of the law—its position has always been that notice is required prior to imposing liability on a successor employer and no such notice existed here.  This factor generally does not apply when considering a fee request from a successful employer, and does not weigh in favor of an award of fees here.  *See Russell*, 726 F.2d at 1416 ("A

5

successful suit to enforce ERISA will generally benefit the plan's participants, and the resolution of significant legal questions under ERISA will often depend on a plaintiff's initiative in bringing suit").

### 5. The Relative Merits of the Parties' Positions

"[I]n evaluating the fifth factor, the relative merits of the parties' positions, courts should be careful neither to penalize trustees for seeking to enforce employer obligations under ERISA nor to encourage employers to be indifferent to their obligations." *Russell*, 726 F.2d at 1416. Michael's reiterates its arguments regarding Plaintiffs' bad faith in pursuing their withdrawal liability claim here. As noted above, while unsuccessful, Plaintiffs' arguments cannot be said to have been made in bad faith. Plaintiffs found themselves in a difficult position following Studer's withdrawal and pursued a creative legal strategy to recover the unpaid contributions. That it failed is not reason in and of itself to award fees.

### CONCLUSION

On balance, the Court concludes that the *Hummell* factors weigh against an award of attorney's feed here. Michael's motion is therefore DENIED. (Dtk. No. 189.)

**IT IS SO ORDERED.**

Dated: January 3, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge